**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BETTY CONNOR, on her own behalf
and others similarly situated,

      Plaintiff,

vs.                                         Case No. 3:10-cv-471-J-32JRK

EDUCATIONAL SERVICES OF
AMERICA, INC. a Tennessee
Corporation,

      Defendant.

_____

## **REPORT AND RECOMMENDATION**[1]

Before the Court is Betty Connor ("Plaintiff") and Defendant Educational Services of America, Inc.'s ("Defendant('s)") Amended Joint Motion to Approve Settlement Agreement and Release and Dismiss With Prejudice Plaintiff's Complaint (Doc. No. 28; "Motion"), filed December 22, 2011, and a copy of their revised Settlement Agreement and Release (Motion at Ex. A (Doc. No. 28-1); "Settlement Agreement").[2] This case was brought pursuant to the

---

      [1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

      [2] The parties originally filed a Joint Motion to Approve Settlement Agreement and Release and Dismiss With Prejudice Plaintiff's Complaint (Doc. No. 25; "Original Motion") on October 27, 2011. On October 31, 2011, an Order (Doc. No. 26) was entered referring this matter to the assigned United States Magistrate Judge for the preparation of "a report and recommendation regarding as to whether the parties' proposed settlement is a 'fair and reasonable resolution of a bonafide dispute' over FLSA issues." (citations omitted). On December 19, 2011, a Report and Recommendation (Doc. No. 27) was entered recommending that the Original Motion be denied without prejudice, as the parties' settlement agreement contained a confidentiality provision. (The inclusion of confidentiality provisions in FLSA settlement agreements has been held to be impermissible. See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010).) On December

Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). In a FLSA case for "back wage or liquidated damages," the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

In the Amended Complaint, Plaintiff[3] seeks "the payment of all overtime hours . . . , liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest." Am. Compl. (Doc. No. 11) at 4. The parties state that the "case involves disputed issues," and "the settlement negotiated and reached by the parties resolves all of Plaintiff's claims after Plaintiff and her counsel discussed Plaintiff's alleged overtime hours and pay rates and formulated their own proposed settlement figures separately from Defendant's position." Motion at 4. The parties agree that the settlement represents a "fair and reasonable" resolution of Plaintiff's FLSA claim and request that the Court find the same. Id. at 3, 6. The parties also ask the Court to dismiss this matter with prejudice. Id. at 6.

---

22, 2011, the instant Motion was filed, in which the parties represent they have removed the confidentiality provision, and the revised Settlement Agreement was filed, in which the confidentiality provision is indeed removed. Therefore, on December 22, 2011, the undersigned entered an Order (Doc. No. 29) withdrawing the original Report and Recommendation, denying as moot the Original Motion, and stating a Report and Recommendation on the instant Motion would enter separately.

[3] Although Plaintiff filed this case "on her own behalf and others similarly situated," Am. Compl. (Doc. No. 11) at 1, the record reflects that Plaintiff has not established that the proposed class is similarly situated, 29 U.S.C. § 216(b); see also Simpkins v. Pulte Home Corp., No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008), and no other allegedly similarly situated individuals have joined in this case as a party.

The parties represent that Plaintiff's initial good faith estimate of her overtime compensation was for two and one-half (2.5) hours per week for approximately ninety (90) weeks, at overtime rates ranging from $20.61 per hour to $20.82 per hour, for a total of $4,655.10.  Id. at 3.  In compromise, Defendant agrees to pay Plaintiff a total amount of $4,133.34 before taxes (including wages and liquidated damages) to settle the case.  Id. at 4; Settlement Agreement at 3-4.  In addition to that amount, Defendant will pay $5,000.00 in consideration for Plaintiff's attorneys' fees and $866.66 for costs.  Motion at 5; Settlement Agreement at 3.

In light of the parties' representations regarding their investigation and exchange of information prior to reaching the settlement, as well as the disputed issues in the case, the Court finds that by compromising her wage claim, Plaintiff has not impermissibly waived her statutory rights under the FLSA.  See Lynn's Food Stores, 679 F.2d at 1354.  Regarding the award of attorneys' fees, the parties represent that attorneys' fees were negotiated separately from the amounts claimed by Plaintiff.  Motion at 4 (citations omitted); see Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).  Upon review of the parties' papers and the remainder of the file, the Court finds that this settlement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the Fair Labor Standards Act.  Lynn's Food Stores, 679 F.2d at 1355.[4]  Accordingly, it is

---

[4] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorneys' fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'"  King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)).  As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorneys' fees sought.

**RECOMMENDED**:

1. That the Amended Joint Motion to Approve Settlement Agreement and Release and Dismiss With Prejudice Plaintiff's Complaint (Doc. No. 28) be **GRANTED**.

2. That the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement.

3. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 27, 2011.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

Hon. Timothy J. Corrigan
United States District Judge

Counsel of Record

---

Accordingly, the award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.